# CASES

# SUPREME COURT OF ALABAMA.

## NOVEMBER TERM, 1905-6.

## Kline *v.* The State.

### *Murder.*

(Decided June 30th, 1906, 41 So. Rep. 952.)

1. *Counties; Illegal Change of County Boundary.*—The act of September 30th (Local Acts 1903, p. 462) takes from the territory of Cleburne county and adds to Calhoun county an area of six square miles, thus reducing the area of Cleburne county to less than six hundred square miles. Held, to be in contravention of section 39, constitution 1901, and void.,

2. *Criminal Law; Venue.*—It being admitted that the crime was committed in the territory taken from Cleburne county and added to Calhoun county and more than half a mile inside the line of Calhoun county as it existed under the act of September 30th, 1903, (Local Acts 1903, p. 462) which act is unconstittuional and void, the venue is in Cleburne and not in Calhoun county.

APPEAL from Calhoun Circuit Court.

Heard before HON. JOHN PELHAM.

William Kline was indicted for the murder of John Phillips. The indictment was preferred and the trial had in the circuit court in Calhoun county. The evidence showed that the crime was committed in that portion of Cleburne county that was taken from said county and added to Calhoun county, by the act of Sept. 30, 1903, and more than a half mile from Calhoun county line as fixed by said act. The defendant requested the court in writing to charge in effect that the venue was

(Kline v. The State.)

in Cleburne county, and that the act above referred to was unconstitutional and void. The court refused to give such charge, the defendant was convicted and sentenced to the penitentiary for twenty-five years.

KNOX, ACKER & BLACKMON, for appellant.—Counsel discussed and cited authorities to sustain their contention as to the several assignments of error other than the points decided in the opinion, but it is deemed unnecessary to set out the same in this connection. The evidence shows that the offense was committed about midway between the old line and new line between the counties of Calhoun and Cleburne, and more than a half mile on the Cleburne county side of the old line. The attempted change of the line between Calhoun and Cleburne by the act of Sept. 30th, 1903, (Local Acts, 1903, p. 462) is unconstitutional, in that, it reduces the area of Cleburne county to less than six hundred square miles.—§ 39 Const. 1901.

The court having judicial knowledge of geographical facts knows that the attempted change reduced Cleburne county to less than the constitutional number of square miles of territory.—17 Ency. of Law, (2nd Ed.) p. 912 Note 6 and authorities cited; *Board of Commissioners v. The State,* 147 Ind. 497. The territory therefore attempted to be cut off and placed in Calhoun remained the territory of Cleburne, and the courts of Calhoun had no authority over it or jurisdiction of offenses therein committed. Section 4972, Code 1896; *Union County v. Knox County,* 90 Tenn. 541.

MASSEY WILSON, Attorney General, for the State.— After reviewing the authorities, the Attorney General reaches the conclusion that the act of Sept. 30th, 1903, (Local Acts, 1903, p. 462.) is invalid, and that the Calhoun circuit court had no jurisdiction of the offense.

HARALSON, J.—It appears from the evidence, and is admitted by the state, that the offense was committed in that territory which was cut off from Cleburne and added to Calhoun county by the act of September 30,

(Kline v. The State.)

1903, (Local Acts, 1903, p. 462§ and more than one-half mile inside of Calhoun as the line existed at the time of the killing.

The new county of Cleburne was formed by the act of the Legislature of December 6th, 1866, (Acts, 1866-7, p. 71) out of specified portions of Calhoun, Randolph and Talladega counties, the boundaries of which include 603 square miles.

By act of February 14, 1867, (Acts, 1866-7, p. 432.) thirteen and a half sections were taken from Cleburne and added to Talladega county. This left 603 square miles in Cleburne less thirteen and one-half sections or 589 1-2 square miles in that county.

By act December 11, 1886, (Acts, 1886-7, p. 757) two sections or square miles were taken from Cleburne and added to Calhoun, leaving 587 1-2 square miles in Cleburne.

By act of September 30th, (Acts, 1903, p. 462) six sections or square miles were again taken from Cleburne and added to Calhoun, leaving 581 1-2 square miles in Cleburne.

By section 39 of the constitution of 1901, it is provided, that "no new county shall be formed hereafter of less extent than 600 square miles, and no existing county shall be reduced to less than six hundred square miles." The same provision is found in the constitution of 1865, 1868 and 1875, (Art. 2 sec. 2 in each of said constitutions.)

It would seem, therefore, that the act of February 14th, 1866-7, by which thirteen and a half square miles were taken from the 603 square miles in Cleburne, reducing it thereby to 587 1-2 square miles was directly opposed to and forbidden by the constitution of 1865. The invalidity of this act left in Cleburne its original 603 square miles. The act of 1886 by which two sections were taken from Cleburne and added to Calhoun, still left 601 1-2 sections in Cleburne, and the latter act did not, therefore, violate the constitution by reducing the square miles of the county below 600. But, the act of the 30th of September, 1903, by which six sections or square miles were taken from Cleburne and added to

Calhoun, thus reducing the former from 601 1-2 to 595 sections, contravened the constitution, and was, therefore, invalid. In as much as the offense for which the defendant is prosecuted, was committed in Cleburne county, the indictment was improperly found in Calhoun. It is unnecessary to consider any other questions raised.

Reversed and remanded.

WEAKLEY, C. J., DOWDELL and DENSON, JJ., concur.